# CV 14-2191

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

TAMATA WILLIAMS,                    :     Civil Action No.:_____

          Plaintiff,               :     CIVIL ACTION

    -against-                       :     **COMPLAINT**

THE CITY OF NEW YORK; DEPUTY         :     PLAINTIFF DEMANDS
INSPECTOR JOHN LEWIS; DETECTIVE            TRIAL BY JURY
PETER J. MANCERI [SHIELD NO 4881];   :
POLICE OFFICER MACKENSO NELSON;      :
POLICE OFFICER JOSEPH ZVONIK;        :     **ROSS, J.**
POLICE OFFICER JOSEPH BENTIVEGNA;    :
NAOMI HULL; and ALPHONSO WILLIAMS.   :

         Defendant(s)             :     GOLD, M.J.

-------------------------------------------------------x

TAKE NOTICE that the plaintiff, **Tamata Williams**, hereby appears in this action by his attorneys, Nnebe & Associates, P.C., and demands that all papers in this matter be served upon him at the address below.

Plaintiff, **Tamata Williams**, by her attorneys, Nnebe & Associates, P.C., complaining of the defendants, the City of New York, Deputy Inspector John Lewis, Detective Peter J. Manceri [Shield 4881], Police Officer Mackenso Nelson, Police Officer Joseph Zvonik, Police Officer Joseph Bentivegna, Naomi Hull, and Alphonso Williams [collectively referred to as the Defendants], upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 and 42 U.S.C. § 1985 [and arising

1

under the law and statutes of the State of New York].

2.     This is an action to further seek compensation for the unlawful arrest, detention, malicious prosecution, permanent personal injuries sustained by the plaintiff, as a result of the willfulness and negligence of the defendants, perpetrated while said defendants were in the process of illegally and unlawfully arresting plaintiff, detaining plaintiff and maliciously prosecuting plaintiff.

**JURISDICTION**

3.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983, 42 USC §1985 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**PARTIES**

6.     At all times relevant to this action, plaintiff Tamata Williams ["**Plaintiff**"] is a resident of the State of New York.

7.     At all times herein after mentioned, defendant Deputy Inspector John Lewis ["**Lewis**"] is a police officer for the City of New York assigned to the 71 Precinct of the New York City Police

2

Department ["**NYPD**"] acting under the color of state law.  Lewis is being sued in both his individual and official capacity.

8.      At all times herein after mentioned, defendant Detective Peter J. Manceri (Shield No. 4881) ["**Manceri**"] is a police officer for the City of New York assigned to the 71 Precinct of NYPD acting under the color of state law.  Manceri is being sued in both his individual and official capacity.

9.      At all times herein after mentioned, defendant Police Officer Mackenso Nelson ["**Nelson**"] is a police officer for the City of New York assigned to the 71 Precinct of NYPD acting under the color of state law.  Nelson is being sued in both his individual and official capacity.

10.      At all times herein after mentioned, defendant Police Officer Joseph Zvonik ["**Zvonik**"] is a police officer for the City of New York assigned to the 103 Precinct of NYPD acting under the color of state law.  Zvonik is being sued in both his individual and official capacity.

11.      At all times herein after mentioned, defendant Police Officer Joseph Bentivegna ["**Bentivegna**"] is a police officer for the City of New York assigned to the 103 Precinct of NYPD acting under the color of state law.  Bentivegna is being sued in both his individual and official capacity.

12.      At all times herein after mentioned, defendant Naomi Hull ["**Hull**"] is a resident of the State of New York, and alleged to reside at 38 Winthrop Street, Apt. 2A, Brooklyn, NY 11225.

13.      At all times herein after mentioned, defendant Alphonso Williams ("**Williams**") is a resident of the State of New York and son of defendant Hull.  Upon information and belief, Williams reside at 150-38 107th Street Avenue, Apt. A., Jamaica, NY 11433.

14.      The defendant, City of New York ("**City**") is a municipality in the State of New York and employs the defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15.      Plaintiff and Williams were married in or about November 2007 and had two children

together.  Since the marriage, plaintiff has been subjected to domestic abuse and violence by Williams. Hull and Williams has repeatedly threatened plaintiff with arrest and retaliation if she dare report the abuse and violence to the authority or take any legal step to protect herself.

16.     On or about December 12, 2011, Williams physically assaulted the plaintiff at the marital residence and plaintiff mustered the courage to call the police and Williams was arrested. For calling the police and having Williams arrested, William and Hull conspired and contrived to also have plaintiff arrested for violating an order of protection that was never served on plaintiff. Plaintiff was cleared of all wrong doing.

17.     On or about December 13, 2011, plaintiff was separated from Williams when Williams conspired and contrived with Hull to falsely arrest the plaintiff and to throw plaintiff and her infant children out of the marital residence.

18.     Prior to and after December 13, 2011, plaintiff has been subjected to several reported and documented domestic violence, abuse, harassment, stalking, and assault by Williams resulting in three arrests of Williams and his criminal prosecutions at the Queens criminal court, all of which he pleaded guilty.

19.     In addition, from December 13, 2011 plaintiff commenced family court proceedings against Williams for child support, custody and family offense at the Queens County Family Court. Plaintiff also commenced a family offense proceeding against Hull at the Queens County Family Court.

20.     Williams and Hull repeatedly threatened plaintiff to discontinue the family court proceedings against them and to withdraw the criminal complaint against Williams, and further threatened plaintiff that any time Williams or Hull is arrested or charged to court for any offense as a result of plaintiff's reporting an abuse, violence, threats, or other offenses against Williams or Hull to the police, they will contrive and make false allegations against the plaintiff to have her arrested and

charged with a crime.  Plaintiff reported these threats to police officers of the 103, 113, and 71

Precinct of the NYPD.

**A.     *Arrest and Charge No. 2012QN025867*:**

21.    On or about April 27, 2012, and upon plaintiff's complaint, Williams was again

arrested and charged at the Queens criminal court for violation of an order of protection issued against

him and for harassing plaintiff.  Williams pleaded guilty to this charge.

22.    In or about April 29, 2012, and in furtherance of their threats and scheme to have

plaintiff arrested and incarcerated, Williams conspired with Hull to file a false complaint against the

plaintiff.  In or about April 29, 2012, Hull made false reports to Zvonik alleging that on December 13,

2011 plaintiff bit her index finger. On or about May 10, 2012 at about 3:10 p.m., defendant Zvonik

assigned to the 103 Precinct of the NYPD, without probable cause and or justification, arrested

plaintiff.

23.    On or about May 11, 2012 plaintiff was charged at the Queens County Criminal Court,

*People v. Tamata Williams, 2012QN025867*, with PL 120.00-1 "Assault in the Third Degree", and PL

240.26-1 "Harassment in the Second Degree." On or about December 12, 2013, the criminal charges

against plaintiff in *2012QN025867* were dismissed, after over fifteen (15) court appearances.

**B.     *Arrest and Charge No. 2012QN029081*:**

24.    On or about May 17, 2012, and upon plaintiff's complaint, Williams was again arrested

for violation of an order of protection issued against him and for aggravated harassment against

plaintiff.  Williams pleaded guilty to this charge at the Queens criminal court.

25.    In or about May 20, 2012, and in furtherance of their threats and scheme to have

plaintiff arrested and incarcerated, Williams conspired with Hull to file a false complaint against the

plaintiff.  In or about May 20, 2012, Hull made false reports to Bentivegna alleging that on May 12,

2012 at about 10:30 a.m. at the intersection of Linden Blvd and Sutphin Blvd, in Jamaica, Queens,

5

plaintiff who was driving her car accelerated towards her as she was crossing the intersection, causing her to jump out of the way to avoid being hit by plaintiff's vehicle, that plaintiff then yelled out of the window stating "this is for you, I'm gonna get you", and that plaintiff then turned the vehicle around and again drove at her causing her to again jump out of the way to avoid being hit by plaintiff's vehicle.

26.     On or about May 26, 2012 at about 12:45 p.m., defendant Bentivegna assigned to the 113 Precinct of the NYPD, without probable cause and or justification, arrested and charged plaintiff at the Queens County Criminal Court, *People v. Tamata Williams, 2012QN029081*, with PL 120.14-1 "Menacing in the Second Degree", PL 120.20 "Reckless Endangerment in the Second Degree", and VTL 1212 "Reckless Driving." On or about December 12, 2013, the criminal charges against plaintiff in *2012QN025867* were dismissed, after over fourteen (14) court appearances.

*C.     Arrest and Charge No. 2013KN019454*:

27.     On June 5, 2012 plaintiff commenced an action for divorce against Williams at the Queens County Supreme Court in Index # 11784/2012, and went into possession of the marital residence on December 15, 2012 pursuant to the temporary order of exclusive occupancy granted to her by the divorce court.  A continuing order of protection was issued by the Supreme Court against Williams.

28.     On three occasions plaintiff changed the keys to the marital residence and, on three occasions, the keys were broken.  On each occasion, while changing the keys, Hull will come to the marital residence and call the police on plaintiff, alleging that plaintiff is locking out Williams' nephew residing in the basement of the marital residence. On each occasion, plaintiff will request the police to be aware and document Hull's continued attempts to file false allegations against her and to have her arrested.  On each occasion, the police promised plaintiff that Hull's false complaints against her will be documented and that all future complaint by Hull against plaintiff will be thoroughly investigated before she is arrested or charged with any crime.

6

29.     On March 9, 2013, and in violation of the order of protection, Williams came to the marital residence.  Plaintiff called the police and Williams was arrested and charged at the Queen's criminal court.  Williams pleaded guilty to the charge on April 25, 2013.

30.     In or about March 12, 2013, and in furtherance of their threats and scheme to have plaintiff arrested and incarcerated, Williams conspired with Hull to file a false complaint against the plaintiff.  In or about March 12, 2013, Hull made false reports to Manceri and Nelson alleging that (a) on March 8, 2013 at about 6:30 p.m. plaintiff came to her residence at 38 Winthrop Street, Brooklyn, and attempted to burn down her house by pouring gasoline at her apartment and throwing a lighted lighter on the gasoline, and (b) on March 11, 2013 at about 6:15 a.m. plaintiff came to her residence at 38 Winthrop Street, Brooklyn and threw a liquid substance from a bleach bottle at her.  Hull made these serious felony allegations against the plaintiff by phone call to the NYPD on March 12, 2013.  No other investigation(s), except the phone complaint by Hull, were conducted by Manceri and Nelson from that date till today.

31.     On March 13, 2013 at 10:00 a.m., defendant Manceri and Nelson assigned to the 71 Precinct of the NYPD, without probable cause and or justification, arrested plaintiff at the Queens County Criminal Court while appearing for a scheduled hearing in *2012QN025867* and *2012QN029081* . Hull and Williams provided NYPD information about plaintiff's appearance at the Queens Criminal Court for purposes of affecting plaintiff's arrest.  Thereafter the police officers transported the plaintiff to the NYPD- 71 Precinct where plaintiff was held for two days.

32.     Plaintiff was charged at the Kings County Criminal Court, *People v. Tamata Williams, 2013KN019454*, with the felony offense of PL 110/150.15 "Attempted Arson in the Second Degree", PL 145.00(1) "Criminal Mischief in the Fourth Degree", PL 110/150.01 Attempted Arson in the Fifth Degree", PL 120.15 "Menacing in the Third Degree", PL 120.05 "Assault in the Second Degree", PL 265.02(2) "Criminal Possession of a Weapon in the Third Degree", PL 120.00(1) "Assault in the Third Degree", PL 145.00(1) "Criminal Mischief in the Third Degree", PL 120.15 "Menacing in the Third

Degree", and PL 240.26(1) Harassment in the Second Degree." Plaintiff was thereafter detained and incarcerated for three days at Riker's Island until she was able to post $25,000.00 bail bond. On or about July 16, 2013, the criminal charges against plaintiff in *2013KN019454* were dismissed.

**D.** *City And Police Officers' Failure And Refusal To Investigate*:

33.     At all times prior to and during her arrests and prosecution, plaintiff has repeatedly informed the police officers of the threats by Williams and Hull to file false charges against her, to have her arrested and prosecuted. On each occasion, the police officers informed plaintiff that they knew that the complaints filed by Hull were false but that as a policy and practice they are required to arrest and prosecute plaintiff once a complaint is filed against her even if they know that the complaint is false.

34.     Upon her release from incarceration in March 2013, plaintiff conducted investigations and assembled documentary evidence showing her innocence and the fact that she was in Jamaica Queens at the time of the alleged crime in Brooklyn.

35.     In letters to Lewis dated May 6, 2013 and May 20, 2013 (copied to Civilian Complaint Review Board, NYPD Legal Bureau, Kings County District Attorney, and NYPD Internal Affairs Bureau) plaintiff provided information and evidence showing that the allegations against her by Hull, relating to the alleged occurrence on March 8, 2013 and March 11, 2013, were false and fabricated. These information and facts includes (a) alibi witnesses, (b) debit card POS purchases, (c) credit card POS purchases, (d) Sign-in sheets from Rochdale Village Nursery School, (e) surveillance tapes from Rochdale Village Nursery School, and (f) statement from Winthrop Equities.

36.     In said letters, plaintiff requested defendant Lewis, Civilian Complaint Review Board, NYPD Legal Bureau, Kings County District Attorney, and NYPD Internal Affairs Bureau to investigate the allegations made against her by Hull based on the information and documentary evidence provided.

37.     Specifically, plaintiff filed a complaint against Hull for false reporting in violation of Penal Law §§ 240.50, 240.55 and requested Lewis, Civilian Complaint Review Board, NYPD Legal Bureau, Kings County District Attorney, and NYPD Internal Affairs Bureau to investigate her complaint.  Till today, Lewis, Civilian Complaint Review Board, NYPD Legal Bureau, Kings County District Attorney, and NYPD Internal Affairs Bureau refused, failed, and/or neglected to investigate plaintiff's complaint.

38.     Since her arrest and prosecution in 2012QN025867 and 2012QN029081, plaintiff has provided information to the Queens County District Attorney showing that the allegations against her were false and had requested that the criminal charges be dismissed.  In a letter dated July 22, 2013 to the Queens County District Attorney, plaintiff again provided documentary evidence of the false allegations against her and requested that the allegations be properly investigated, and if found to be false, that the charges against her be dismissed. The Queens County District Attorney refused, failed, and/or neglected to investigate plaintiff's complaint and continued the prosecution, until the charges were dismissed on plaintiff's 30/30 motion.

**E.     *Facts Relevant To All Arrests and Prosecution*:**

39.     To prevent, deter and hinder plaintiff from proceeding with any criminal complaint made against Williams and from making any future criminal complaints against Williams, Hull and Williams contrived a scheme to secure a judicial processes and to use the processes after it is secured to the detriment of plaintiff and for collateral advantage.

40.     While at the precincts, plaintiff was pedigreed and detained for a lengthy period of time by the defendant police officers. During the time while plaintiff was illegally detained, plaintiff's requests for medical treatment, food and drink were denied. During the entire time, plaintiff was not afforded any opportunity to speak with her counsel or to even contact her family and friends and inform them of her arrest and or whereabouts.

9

41.     As a result of the arrest, plaintiff was forcefully detained, confined and imprisoned, handcuffed, finger printed and mug shot without just or probable cause, and thereafter transported to the Central Booking Division at the Criminal Court where she was placed in a "holding pen" along with numerous other arrested persons and then falsely charged with the above stated criminal charges.

42.     While plaintiff was released from custody, she subsequently returned to the criminal courts to defend the false and malicious charges that were levied against her by the defendants. All the false charges levied against plaintiff by the defendants were eventually dismissed.

43.     That even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they still proceeded to arrest and falsely charged her with the crimes as stated above, and used excessive force to assault, and imprison plaintiff just to intimidate her.

44.     That at no time during the arrests was plaintiff read her Miranda rights.

45.     That plaintiff was maliciously prosecuted without any just cause or reason, and with defendants fully aware that plaintiff was innocent of the charges against her at all times relevant.

46.     At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

47.     As a direct and proximate result of defendants' actions and/or inaction, plaintiff suffered and continue to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her bodies some or all of which may be permanent.

48.     The illegal and unlawful arrest of plaintiff and her wrongful imprisonment and prosecution, and defendants' City of New York and police officers failure to investigate plaintiff's

complaints of false reporting against Hull, particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

49.     As a direct and proximate result of plaintiff's illegal and unlawful detention and confinement, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever she sees a police officer or is in the midst of police officers, she suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home, work and family circles.

50.     As a direct and proximate result of defendants' actions, plaintiff was deprived of her due process rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

51.     The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to free from false allegations and reporting, to be secure in her person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

52.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

11

## AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C § 1983 - all defendants

53.     Plaintiff hereby restates paragraphs 1-52 of this complaint, as though fully set forth below.

54.     By detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, and using excessive force, defendants deprived plaintiff of her due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

55.     The defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of the NYPD. Said acts by the individual defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## AS FOR A SECOND CAUSE OF ACTION:
### Excessive Force – defendant police officers

56.     Plaintiff hereby restates paragraphs 1-55 of this complaint, as though fully set forth below.

57.     In using excessive force, physically assaulting, tightly handcuffing, threatening, intimidating plaintiff, the individual defendants, acting in their capacities as agents and officers of the NYPD, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the plaintiff.

12

## AS FOR A THIRD CAUSE OF ACTION:
### False Arrest and False Imprisonment - all defendants

58.     Plaintiff hereby restates paragraphs 1-57 of this complaint, as though fully set forth below.

59.     The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned the plaintiff. The wrongful arrest, detention, and imprisonment of plaintiff were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion or cause. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

60.     Defendants Hull and Williams, without justification or probable cause and with actual malice intentionally provided false information to NYPD and the District Attorney resulting in plaintiff arrests and prosecutions. In addition, plaintiff's detention, confinement, imprisonment and prosecution by NYPD and the District Attorney were instigated or procured by Hull and Williams with intent that plaintiff be so detained, confined, imprisoned and prosecuted.

61.     At all times relevant hereto, defendants intended to confine plaintiff without probable cause and without plaintiff's consent, and of which confinement plaintiff was conscious of. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

## AS FOR A FOURTH CAUSE OF ACTION:
### Malicious Prosecution - all defendants

62.     Plaintiff hereby restates paragraphs 1-61 of this complaint, as though fully set forth below. Plaintiff asserts this claim under both federal and state laws.

63.     Following her release from incarceration, plaintiff returned to the criminal courts on numerous occasions by court orders to defend the false and malicious charges that were leveled against her by the defendants. Eventually, all the charges against plaintiff were dismissed.

13

64.     As a result of defendants' actions plaintiff was deprived of her liberty and due process rights and was restricted in her ability to travel and engage in her usual occupation and normal lifestyle, was made to incur costs, expenses and attorneys' fees in defense of the malicious charge.

### AS FOR A FIFTH CAUSE OF ACTION:
### Due Process Rights - all defendants

65.     Plaintiff hereby restates paragraphs 1-64 of this complaint, as though fully set forth below.

66.     The acts described herein had the intent and the effect of grossly humiliating and debasing the plaintiff and inciting fear and anguish. These acts included, among other things, denial of food and water, subjection to illegal bodily searches, sleep deprivation, lack of basic hygiene, exposure to prison inmates with history of violence and sexual abuse or depravation, exposure to violent aggressions, assault and harassment, denial of medical treatment, denial of access to medication and proper medical care, and denial of visitation and communication with attorneys, family and friends.

67.     Defendants are liable for said conduct in that defendants participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying the plaintiff of her due process rights. Plaintiff suffered severe immediate physical and psychological abuse as a result of the acts alleged herein. Plaintiff continues to suffer profound physical and psychological trauma from the acts alleged herein.

### AS FOR A SIXTH CAUSE OF ACTION:
### Illegal and Unreasonable Search & Seizure – defendant police officers

68.     Plaintiff hereby restates paragraphs 1-67 of this complaint, as though fully set forth below.

69.     The defendant police officers wrongfully, illegally, unlawfully and unreasonably performed a bodily search of the plaintiff. The wrongful, illegal, unlawful and unreasonable search and

14

seizure were carried out without warrant, without plaintiff's consent and without probable cause or reasonable suspicion. All of the foregoing occurred without any fault or provocation on the part of the plaintiff, and were in violation of the Fourth Amendment to United States Constitution.

70.     The defendant police officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

### AS FOR A SEVENTH CAUSE OF ACTION:
**New York State Constitution, Art. I, §§ 5, 8, 11 & 12 – all defendants**

71.     Plaintiff hereby restates paragraphs 1-70 of this complaint, as though fully set forth below.

72.     By reason of the foregoing, and by arresting, detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, and defaming, harassing and assaulting the plaintiff and depriving plaintiff of freedom of speech and equal protection of laws, defendants deprived the plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I of the New York Constitution.

73.     In addition, the defendants conspired among themselves and other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

74.     The defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers, agents, or employees. Defendant police officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution.

## AS FOR AN EIGHT CAUSE OF ACTION:
### Assault – defendant police officers

75.     Plaintiff hereby restates paragraphs 1-74 of this complaint, as though fully set forth below.

76.     For no just cause or excuse defendant police officers pushed plaintiff's hand behind her back, tightly placed handcuffs on her hand, and violently threw her into the back of the squad car with great force and viciousness causing plaintiff to sustain serious injuries. By reason of and as a consequence of the assault, plaintiff sustained serious bodily injuries with the accompanying pain and were rendered sick, sore, and bruised and sustained, among other injuries, severe headaches, back pains, arm/shoulder tear/strain/sprain, and pain on various parts of her respective bodies.

77.     Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant police officers' propensity for violence and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff safety and security and failed to protect and or safeguard plaintiff's interests.

## AS FOR A NINTH CAUSE OF ACTION:
### Intentional and Negligent Infliction of Emotional Distress - all defendants

78.     Plaintiff hereby restates paragraphs 1-77 of this complaint, as though fully set forth below.

79.     The defendants engaged in extreme and outrageous conduct, intentionally, negligently and/or recklessly causing severe emotional distress to plaintiff.  Plaintiff's emotional distress has damaged her respective personal and professional lives because of the severe mental pain and anguish which were inflicted through knowing, deliberate, negligent, and/or reckless and malicious actions including the assault, detention, imprisonment, and malicious prosecution by defendants.

16

## AS FOR A TENTH CAUSE OF ACTION:
### Equal Protection Based on Selective Enforcement

80.     Plaintiff hereby restates paragraphs 1-79 of this complaint, as though fully set forth below.

81.     While plaintiff was arrested and prosecuted on numerous times based on false allegations by Hull and Williams, defendant City failed to investigate plaintiff's numerous complaints of false reporting against Hull, including the information and documentary evidence provided to Lewis and to the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and Queens and Kings County District Attorneys.

82.     Compared to Hull and Williams, plaintiff who is an African immigrant, was selectively treated and/or with an intent to inhibit or punish her for the exercise of her constitutional rights. Defendants' conduct and/or omission were malicious or bad faith intent to injure plaintiff by not investigating and prosecuting Hull and Williams for false reporting, thereby encouraging Hull and Williams to continue to file false complaints against plaintiff resulting in plaintiff's false arrests and malicious prosecutions.

## AS FOR AN ELEVENTH CAUSE OF ACTION:
### 42 U.S.C Section 1985-all Defendants.

83.     Plaintiff hereby restates paragraphs 1-82 of this complaint, as though fully set forth below.

84.     Defendants police officers, Hull and Williams conspire amongst themselves to deter plaintiff, by force, intimidation, or threat, from freely, fully, and truthfully making criminal complaints against Williams; from continuing, attending or testifying at the criminal court prosecution of Williams, at the family court proceedings, and at the divorce court proceeding; to injure plaintiff in her person or property on account of her having so made a criminal complaint, and commenced, continued attended or testified at court proceedings; and to impede, hinder, obstruct, or defeat, by force,

17

intimidation, or threat, the due course of justice, with intent to deprive plaintiff the equal protection of the laws, and to injure her person or her property for lawfully enforcing, or attempting to enforce, her right to the equal protection of the laws, in violation of 42 U.S.C. Section 1985.

85.     Defendant police officers, Hull and Williams conspired and agreed amongst themselves, and with intent and purpose to deny plaintiff of the equal protection of the laws, to intimidate, hinder, defeat, obstruct, and injure plaintiff for lawfully enforcing or attempting to enforce her rights and the due course of justice, and deprived plaintiff of equal protections, rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1985, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

86.     In furtherance of the conspiracy aforesaid, defendants knowingly, falsely and maliciously arrest, detain, and prosecute the plaintiff on knowingly false allegations as alleged herein above. Defendants Hull and Williams made false reports against plaintiff, and defendant police officers, knowing same to be false and without legal or factual basis, proceeded to rely upon the reports to arrest, detain, execute the accusatory instruments, and maliciously prosecute the plaintiff. Defendants acted willfully, knowingly, and with the specific discriminatory animus based on plaintiff's race and/or national origin to deprive the plaintiff of her constitutional rights to equal protection, privileges, and immunities of the laws secured by 42 U.S.C. Section 1985, and by the Fourth and Fourteenth Amendments to the United States Constitution.

87.     Defendants knew about the conspiracy herein mentioned and have the power to prevent or aid in preventing same, but neglects or refuses to do so; rather defendant officers conspired to facilitate it, including refusal to investigate and prosecute Hull and Williams for false reporting.  As a direct and proximate result of the conspiracy detailed above, plaintiff sustained the damages herein before stated, including detention, assault, malicious prosecution, and emotional distress.

# MUNICIPAL LIABILITY

88.     Plaintiff hereby restates paragraphs 1-87 of this complaint, as though fully set forth below.

89.     Even though they are aware or reasonably should be aware that the complaints filed by Hull and Williams against the plaintiff are false, the police officers and the district attorneys, as a policy and practice, proceeded to arrest and prosecute plaintiff for alleged offenses based on the policy, practice and custom established by the City to arrest and prosecute a person once an allegation is made against a person, regardless of whether or not the allegation is false.

90.     Even though plaintiff provided information and documentary evidence establishing that Hull and Williams made false reporting against the plaintiff in violation of the law, and requested that Hull and Williams be investigated, defendants refused, failed and/or neglected to investigate the complaint based on the policy, practice and custom established by the City not to investigate and prosecute complaints of false reporting where an arrest and prosecution has been made or is being continued in the underlying complaint or report.

91.     Even though the police and the District Attorneys' office knew, upon information and documents in their possession, that a conviction cannot be obtained against the plaintiff in the pending criminal charge, the police and the District Attorneys' office willfully refused, failed and/or neglected to discontinue the prosecution; rather they, as a policy, practice and custom established by the City, continue to offer plaintiff to take a plea for an ACD or violation even though plaintiff has stated on the record that she is not taking a plea.

92.     The City endorsed the existence of this policies, practices and customs alleged herein, and the decisions were made by the City officials with final decision making authority, including Lewis, and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys.

19

93.     The policies, practices and customs alleged herein are so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials, including Lewis, and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys.

94.     Upon information and belief, the policies, practices and customs alleged herein were applied not only to plaintiff but generally to all other persons against whom a false report was made and a criminal prosecution commenced.

95.     The City policymaking officials, including Lewis, and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys, in furtherance of the policies, practices and customs alleged herein,  refused, failed and/or neglected to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees, including the plaintiff.

96.     Upon information and belief, defendant City of New York, through its various agencies and departments including the police officers in this action, and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

97.     Upon information and belief, defendant City of New York, through its various agencies and departments including the police officers in this action, and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have

20

anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

98.     Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the defendant police officers and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys u were not prudent and were potentially dangerous.

99.     Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendant police officers and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys proximately caused plaintiff's injuries.

100.     Defendant City of New York, as employer of the defendant police officers and the respective heads of the district attorney office detective investigations, NYPD legal bureau criminal section, NYPD internal affairs bureau, and the Queens and Kings County District Attorneys, is responsible for their wrongdoing under the doctrine of respondeat superior.

101.     Defendant City of New York, acting through the NYPD, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

102.     Additionally, defendant City of New York, acting through District Attorneys of the County of Kings and Queens, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees

21

concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, discontinuing criminal actions when evidence shows that the commencement was wrong, and the duty and or obligation of candor toward the court.

103.    That defendant City of New York maintained the above described policies, practices, customs or usages knowing full well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of the plaintiff' injuries as described herein.

## DECLARATORY RELIEF

104.    By reason of the foregoing, defendants deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities guaranteed under the laws of the United States. As such, plaintiff is entitled to a declaration from this Court that the defendants willfully violated plaintiff' due process rights, and rights, remedies, privileges, and immunities guaranteed under the laws of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## SPECIFIC RELIEF

105.    Plaintiff seeks an order of injunction prohibiting defendants from engaging in the unlawful conduct described herein.

**WHEREFORE**, plaintiff respectfully request judgment against the defendants for compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. § 1988;

Dated: Brooklyn, New York.
        April 4, 2014.

**NNEBE & ASSOCIATES, P.C.**

By:  _____

Okechukwu Valentine Nnebe, Esq.
255 Livingston Street, 3rd Floor
Brooklyn, New York 11217
Tel. No.: (718) 360-5808
Fax No.: (718) 360-0843
*Attorneys for Plaintiff.*

**VERIFICATION**

STATE OF NEW YORK     )
COUNTY OF KINGS       ) SS.:

TAMATA WILLIAMS, being duly sworn, deposes and says:

I am the named plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge except as those matters alleged to be upon information and belief, and that as to those matters, we believe them to be true.

*Tamata Williams*
Tamata Williams

Sworn to before me this
4th day of April _____ 2014.

_____
Notary Public

O. VALENTINE NNEBE, ESQ.
Notary Public, State of New York
NO. 02NN6131702
Qualified in Kings County
Commission Expires August 15, 2017